UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SAINT FRANCIS MEDICAL CENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT WALSH and | ) | |
| KAREN WALSH, | ) | |
| | ) | No. 1:16CV270 RLW |
| Defendants and | ) | |
| Third Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MISSOURI COOPERATIVES EMPLOYEES | ) | |
| HEALTH CARE FUND HEALTH BENEFIT | ) | |
| PLAN NUMBER 2, | ) | |
| | ) | |
| Third Party Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants/Third Party Plaintiffs' Motion to Excuse Defendants/Third Party Plaintiffs from Payment of Mediation Costs or Alternatively to Appoint a Neutral who will Serve Pro Bono (ECF No. 32) and Defendants/Third Party Plaintiffs' Motion to Allow Defendants/Third Party Plaintiffs to Attend Mediation via Attorney Representation Only (ECF No. 33).

In the Motion to Excuse Defendants/Third Party Plaintiffs from Payment of Mediation Costs or Alternatively to Appoint a Neutral who will Serve Pro Bono, counsel for Defendants/Third Party Plaintiffs ("the Walshes") states that upon information and belief, the Walshes do not have the financial ability to pay their pro rata share of the neutral's fee or any other costs of mediation. (ECF No. 32 ¶¶ 3-4) Under the Local Rules of the United States

District Court for the Eastern District of Missouri, "[a] party who demonstrates a financial inability to pay all or part of that party's pro rata share of the neutral's fee may file a motion asking the Court to appoint a neutral who will serve pro bono. The Court may waive all or part of that party's share of the fee." E.D. Mo. L.R. 6.03(C)(2). The rule applies to indigent parties who demonstrate a financial inability to pay. The Walshes have failed to make such showing. Thus, the Court will deny the Motion to Excuse Defendants/Third Party Plaintiffs from Payment of Mediation Costs or Alternatively to Appoint a Neutral who will Serve Pro Bono.

With respect to the Walshes' Motion to Allow Defendants/Third Party Plaintiffs to Attend Mediation via Attorney Representation Only, counsel for the Walshes asserts that the Walshes have recently moved and changed their telephone numbers, rendering counsel unable to communicate with the Walshes. (ECF No. 33 ¶¶ 4-5) Local Rule 6.02 provides, "[a]ll named parties and their counsel are required to attend the ADR conference, participate in good faith, and possess the requisite settlement authority unless excused under paragraph (B)(2)." E.D. Mo. L.R. 6.02(B)(1). Such attendance may be excused "only after a showing that personal attendance would impose an extraordinary or otherwise justifiable hardship." E.D. Mo. L.R. 6.02(B)(2). The rule further requires the "person seeking to be excused" to file a motion that "(a) set[s] forth all considerations that support the request; (b) identif[ies] an appropriate substitute; and (c) indicate[s] whether the other party or parties join in or object to the request." E.D. Mo. L.R. 6.02(B)(2)(a)-(c).

The Walshes have failed to demonstrate that personal attendance would impose such extraordinary hardship. Counsel's inability to locate and contact the Walshes, who have filed a counterclaim against the Plaintiff Saint Francis Medical Center and a crossclaim against Third Party Defendant Missouri Cooperatives Employees Health Care Fund, is insufficient to justify

2

their absence from ADR. Indeed, counsel contends that the Walshes are unaware of the mediation date, indicating that they have no knowledge of the present motion filed on their behalf. Further, the motion does not specify whether the other parties agree or object to the request. Therefore, the Court will deny the Motion to Allow Defendants/Third Party Plaintiffs to Attend Mediation via Attorney Representation Only.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants/Third Party Plaintiffs' Motion to Excuse Defendants/Third Party Plaintiffs from Payment of Mediation Costs or Alternatively to Appoint a Neutral who will Serve Pro Bono (ECF No. 32) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants/Third Party Plaintiffs' Motion to Allow Defendants/Third Party Plaintiffs to Attend Mediation via Attorney Representation Only (ECF No. 33) is **DENIED**.

Dated this 8th day of November, 2017.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**